**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 25-227** |
| **JOSE RODRIGUEZ-PERALTA** | **:** | |

**GOVERNMENT'S BRIEF OF APPEAL FROM ORDER OF PRETRIAL RELEASE**

The United States of America, by and through David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Nicholas E. Freeman, Special Assistant United States Attorney for the District, respectfully requests this Honorable Court grant its appeal of the Magistrate Judge's Order releasing the defendant and Order that the defendant be detained prior to trial. The defendant was originally arrested by Philadelphia Police Officers who were investigating a carjacking and kidnapping in Northeast Philadelphia.

The defendant is now charged with carjacking, in violation of 18 U.S.C. § 2119 and aiding and abetting (one count); kidnapping, in violation of 18 U.S.C. § 1201(a) and aiding and abetting (two counts); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and aiding and abetting (one count).  If convicted, he faces a possible sentence of life imprisonment, with a mandatory minimum seven years' imprisonment, and an estimated guideline range of 272 -319 months' imprisonment including the mandatory minimum of seven years consecutive.

Following a hearing held by the Honorable Elizabeth T. Hey pursuant to 18 U.S.C § 3142(f) the Court denied the Government's motion for detention finding that the defendant

overcame the rebuttable presumption that that no condition or combination of conditions will

reasonably assure the safety of the community.  Because the defendant is charged with violating

18 U.S.C. § 924(c), there is a rebuttable presumption that no condition or combination of

conditions will reasonably assure the safety of the community or the defendant's presence at

trial. See 18 U.S.C. § 3142(e)(3)(B).  The court found that the defendant rebutted this

presumption and that there are conditions or combination of conditions that will reasonably

assure the defendant's appearance as required and/or the safety of the community.  The

Government respectfully disagrees and, for the reasons detailed below, requests the Court grant

this appeal and detain the defendant prior to trial.


## I.    APPLICABLE LAW

Title 18 U.S.C. § 3142(g) sets forth the factors that this Court is to consider in

determining whether a person should be released or detained.  These factors are:

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2) the weight of the evidence against the person;

3) the history and characteristics of the person, including

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Title 18 U.S.C. § 3142(e)(3)(B) sets forth that "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--

**(B)** an offense under <u>section 924(c)</u>, <u>956(a)</u>, or <u>2332b</u> of this title;

To rebut the presumption of detention dictated by Title 18 U.S.C. § 3142(e)(3)(B), "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559,560 (3d Cir. 1986). The defendant's burden of production is relatively light and has been construed as easy to meet. *U.S. v. Chagra*, 850 F.Supp. 354, 357 (W.D. Pa. 1994). "If the defendant rebuts the presumption, the burden of persuasion remains with the government." *Chagra*, 850 F.Supp. at 357 (citing *United States v. Alatishe*, 768 F.2d 364, 371(D.C. Cir. 1985)). The Government is then required to prove (1) that the defendant poses a flight risk by a preponderance of the evidence; or (2) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence. *United States v. Kolonis*, No. 2:20-cr-146, 2020 WL 5253192, *3 (W.D. Pa. Sept. 3, 2020).

Here, the defendant stands accused of crimes of violence and firearms offenses. The evidence against the defendant is overwhelmingly strong, and his danger to the community is demonstrated by by his involvement in an armed carjacking and kidnapping where co-defendants brandished firearms at the victims, which favors detaining him until trial.

## II.   FACTS

### A.   The Evidence Against the Defendant

A grand jury indicted the defendant for carjacking and aiding and abetting, in violation of 18 U.S.C. § 2119 and 2 (one count); Kidnapping and aiding and abetting, in violation of 18 U.S.C. § 1201(a) and 2 (two counts); and using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. 924(c)(1)(A)(ii) and 2 (one count).  Probable cause thus exists to believe that the defendant violated these statutes.  The anticipated trial evidence in this case clearly demonstrates the defendant's guilt.

Peralta aided and abetted his codefendants in carjacking and kidnapping the victims at gunpoint after luring them from another state under the guise of purchasing skills machines.

In May 2024, victim D.P.[1], listed skills machine for sale on Facebook marketplace.  On June 2, 2024, D.P. communicated with a party named "JONH MACH" through a Facebook Marketplace group named "John Skill Machine". D.P. agreed to sell ten skills machines to "Jonh Mach".  Later that day D.P. received a $400.00 deposit through Zelle, a money exchange application, from a Zelle account with the username "Will Mercado."  On June 3, 2024, D.P. and R.G. traveled to Philadelphia in a rented U-Haul truck with the ten skills machines to finalize the sale. When D.P. and R.G. arrived in Philadelphia, they met with two Hispanic males who arrived in a red Chevy Equinox, later identified as Jose Polanco-Lopez and Christopher Fernandez, near the intersection of Stanwood Street and Farnsworth Street. This meeting was captured on video from a nearby residence. The defendants asked D.P. and R.G. to follow them to location later

---

[1] Both victims D.P. and R.G. are known to law enforcement and at this point are cooperative.

determined to be the 4700 block of Deveraux Street to drop off three of the skills machines and get the rest of money owed for the machines.

D.P. and R.G. followed the defendants and after arriving were told to park their U-Haul truck and exit. After D.P. exited the U- Haul he saw a black Jeep Cherokee pull beside the Red Equinox.  Two males, later determined to be defendants Edwin Aponte and Miguel Gonzalez, wearing ski masks, dressed in black clothing and armed with handguns exited the Jeep. Those defendants zip tied D.P.'s hands behind his back and placed a bag over his head. The defendants then took his cell phone, wallet, and necklace from him prior to ordering him into the black Jeep Cherokee. R.G. still seated in the passenger seat of the U-Haul truck was approached from behind, a bag was placed over his head and had his hands zip tied prior to being placed into the black Jeep along with D.P.  After what D.P and R.G. described as a brief ride they were told to exit the vehicle and walk away. After hearing the vehicle drive away, D.P. removed the bag from his head and realized he was in the middle of a cemetery.  D.P. observed the black Jeep Cherokee driving off. The U-Haul, the ten skills machines, and R.G.'s firearm[2] were stolen. During the carjacking/kidnapping D.P. was struck in the head by a hard object, likely a firearm.

Investigators recovered video from a store, Acessorios San Expedictos, located at between 2851 Kensington Ave. which shows defendants Peralta, Polanco-Lopez, and another unindicted suspect meeting at the store prior to the robbery.  Polanco-Lopez can be seen placing zip ties in a bag before departing.  Video also shows Peralta and another suspect departing the area of the store in a light Blue Honda CRV. The parties return to the store after 5:00pm.

Investigators reviewed video from numerous RCTCC cameras and private video which

---

[2] R.G.'s firearm, a Glock 43X bearing serial Number BYWX610, was in the vehicle.

show simultaneous and coordinated travel with the vehicles involved between 2851 Kensington Ave. and 8100 Farnsworth Street. Video showed the red Chevrolet Equinox and the black Jeep traveling together heading north on Frankford Ave prior to the robbery. It also showed that the U-Haul, driven by the victims, arrived temporarily and then departed the area of 8100 Farnsworth Street. The red Equinox, made two suspected trips through the intersection of Farnsworth and Stanwood Street before the meetings. A black Jeep Grand Cherokee with heavy tint, believed to be operated by Aponte and Gonzalez, also traveled to the location and traveled through the intersection once while the victims were there and out of their vehicle. A light blue Honda CR-V, believed to be operated by Jose Peralta, also passed through the intersection. The victims, Polanco-Lopez, and another indicted defendant exited their respective vehicles to meet on the street. Polanco-Lopez is wearing the same outfit he was wearing as he departed Acessorios San Expedictos.

The Red Chevy and the stolen U-Haul were captured on video traveling back to Kensington Ave. Video recovered shows the Equinox parking on the end Westmoreland St. at approximately 4:49 p.m. At approximately 5:05 p.m. the Honda CR-V driven by Peralta dropped off an unindicted suspect who moves the Equinox towards the middle of the block. After moving the car, the suspect gets back in the Honda and it departed. At approximately 6:33 p.m., Peralta now driving a white Dodge pickup dropped Polanco-Lopez off at the Equinox and departs. Polanco-Lopez goes to the rear of the Equinox for several seconds then gets in the vehicle and departed.

A review of Polanco-Lopez's cellphone extraction revealed a video of wrapped skills machines with a date/time stamp of 06/03/24 6:24 p.m. inside 3308 Kensington Ave. The location was determined due to additional videos in the phone taken on 06/01/24 where Polanco-

Lopez appears to be taking a video tour of the location.  Edwin Aponte's number was stored in Polanco-Lopez's phone as "Cano" and was in communication with Polanco-Lopez phone during the timeframe of the robbery. Jose Peralta's number was stored as "Tio Cola."

Call detail records and cell site analysis place phone numbers associated with defendants Aponte, Polanco-Lopez, and Peralta in the area of the initial meet at Farnsworth Street in the relevant time frame.

Call detail records and cell site analysis place phone numbers associated with defendants Aponte and Polanco-Lopez in the area of 4702 Deveraux Street in the relevant time frame.

Call detail records and cell site analysis place phone numbers associated with defendants Aponte and Polanco-Lopez of the North Cedar Hills Cemetery in the relevant time frame.

The investigation revealed that during the lead up to and after the robbery the defendants had significant cell phone contact with each other: Peralta had contact with an unindicted suspect and Polanco-Lopez. Polanco-Lopez had contact with Aponte and Peralta. Aponte had contact with: Polanco-Lopez, an indicted co-defendant and Gonzalez.

The investigation showed that on 6/2/2024 Polanco-Lopez[3] texted Peralta "send me the guy's number here," "do it quickly," "my other cell phone shut down."  Peralta responds "[with D.P.'s number]."  On 6/3/2024 Polanco-Lopez texts Peralta "8123 Farnsworth St." which is the location of the initial meeting.  At 2:56 pm prior to the carjacking/kidnapping Polanco-Lopez shares his location (not available). Peralta responds "Ok." At 5:15 pm, after the

---

[3] When referring to the defendants it means cell phone number associated with them

carjacking/kidnapping Polanco-Lopez shares his location with Peralta and the GPS coordinates show as the 2400 Block of Trenton Ave. which is where the U-Haul was abandoned.  Peralta shares his location at 5:20 pm which corresponds to the 3000 Block of Kensington Ave.

On June 2, 2024, Aponte and an indicted co-defendant exchange texts regarding needing to make money.  Between 6/8/2024 and 6/12/2024 Aponte exchanges texts with an indicted co-defendant referring to picking up and selling "the machine."  On 6/15/2024, after Polanco-Lopez is arrested, they exchange text messages seeming to refer to his arrest with Aponte saying, "I hope he don't tell."  The indicted co-defendant responds, "if that was ever a question everything should have been deaded." To which Aponte responds, "so you think he got booked for something else?"

**B.      Weight of the Evidence Against the Defendant**

The weight of the evidence is overwhelming. He provided defendant Polanco-Lopez with victim D.P.'s phone number the day before the carjacking/kidnapping which clearly indicates that he was necessary for the crime to be committed. Video evidence shows that he is with other defendants prior to the carjacking/kidnapping in the back area of the store, Acessorios San Expedictos.  Cell site data analysis places his cell phone in the area where the victims were initially lured for a meeting. A vehicle similar to his drives through the meeting location multiple times both before and after the initial meeting. He has significant cell phone contact with other defendants in the relevant time frame. He is seen with other defendants after the incident. He is on video in his Blue Honda CRV dropping another suspect off to move one of the vehicles involved – the Red Equinox, after the incident. He is then on video in a white pick-up dropping Polanco Lopez off to move the red Equinox again. He shares locations with Polanco-Lopez one

of which is where the carjacked U-Haul was left. The evidence is overwhelming that he was instrumental to the completion of this violent and dangerous crime.

### C.    The Character and Past Conduct of the Defendant and Ties to Community

During a period when over a thousand human beings are shot annually in Philadelphia, the defendant aided and abetted a carjacking and kidnapping in which firearms were brandished at innocent victims that were lured from out of state to Philadelphia under the guise of transacting business.  To the extent the defendant has family ties, businesses, previous employment, or other ties to the community, such alleged connections did not prevent his participation this recent violent criminal behavior. There is no evidence that anything has changed in this area that would make him less of danger to the community than he was when participated in the scheme  for the purpose of robbing, carjacking and kidnapping out of State victims.

He is not a U.S. Citizen.  Also noteworthy is the fact that when he was arrested by federal agents while on bail, they found a firearm in his bedroom which belonged to his wife.

### D.    Danger to the Community

The defendant has proven himself to be a danger to the community.  The evidence shows that he is a 58-year-old married man from a supportive family with financial resources.  Despite that support, he participated in an armed carjacking and kidnapping.  His very involvement in this crime shows that he is a danger to the community. The City of Philadelphia is plagued by gun violence.  A defendant who participates in a carjacking and kidnapping is inherently a danger to the community and his release pending trial would endanger innocent citizens trying to go about their lives safely.

## III.    CONCLUSION

The factors set forth in Title 18 U.S.C. § 3142(g) weigh heavily in favor of detention. There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or the defendant's presence at trial under 18 U.S.C. § 3142(e)(3)(B), and the Government respectfully argues that Court erred in finding that the defendant rebutted this presumption and thus he should be detained until trial.

The pretrial service report[4] recommended that the defendant be released with conditions - the government strongly disagrees with this recommendation. The report indicates that there are a combination of conditions that could mitigate the "known risks" indicating that the defendant poses a risk of nonappearance. It also notes the defendant does pose some risk of danger to the community but believes the risk can be mitigated.

The defendant argues that the fact that the defendant's family will put up properties and money to assure his appearance and that alleviates any concern of his risk of flight or danger to the community.  He also argues that his doing well on while on bail in the State case shows that he is not a danger to the community.  He unconvincingly states that he has no incentive to flee. This is incorrect - he has every incentive to flee - he is a risk of flight, and he is a danger to the community.

The weight of the evidence against the defendant is overwhelming.  The defendant committed the crimes of carjacking, kidnapping and brandishing a firearm during and in relation to a crime of violence, and aiding and abetting.  His actions put innocent lives at risk.

---

[4] It should be noted that the defendant was being held on $300,000 total bond in the State case not $100,000 as reported in the report (see page 4 of pretrial report).  It appears that only one of his three armed robberies was addressed in the report (see page 3 of pretrial report).

Additionally, he had a firearm and ammunition in his bedroom while on bail for these violent crimes. The defendant faces a possible term of life imprisonment, with a mandatory minimum sentence of 7 years' imprisonment and an estimated guideline range of 272 – 319 months' imprisonment. The overwhelming evidence against him and the potential decades long sentence he faces is an exceptionally strong incentive to flee especially given his age. This is a much different situation than the defendant faced when he was on bail for these charges in the Philadelphia Court of Common Pleas where he faced no mandatory minimum sentence, and the possibility of a long prison sentence was unlikely.

The defendant has proven by his actions that he is a danger to the community and none of his proffered arguments change that fact.  The fact that the defendant did not violate his state pre-trial release is not compelling –the consequences he faced upon conviction were significantly less daunting.  The defendant's demonstrated willingness to aid and abet the crimes carjacking and kidnapping in which firearms were brandished at the victims shows he is a danger to the community.  When all these factors are viewed in light of the substantial sentence the defendant faces if convicted, it is clear that the defendant poses a significant danger to the community and poses a significant risk of flight, thus no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully requests that the Court reverse the

Magistrate Judges Order that the defendant be release and order him held until trial.


Respectfully submitted,

DAVID METCALF
United States Attorney

 /s/ Nicholas E. Freeman

NICHOLAS E. FREEMAN
Special Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

v.                   :          CRIM. NO.  25-227

JOSE RODRIGUEZ-PERALTA     :

## PRETRIAL DETENTION ORDER

AND NOW, this       day of June 2025, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court Grants the Government's appeal from the Magistrate Judge's Order of Pretrial Release and the Court finds that:

(a)     the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b)     the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1.     A grand jury indicted the defendant for carjacking and aiding and abetting, in violation of 18 U.S.C. § 2119 and 2 (one count); Kidnapping and aiding and abetting, in violation of 18 U.S.C. § 1201(a) and 2 (two counts); and using, carrying, and brandishing a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18

U.S.C. § 924(c)(1)(A)(ii)  and 2 (one count), thus probable cause exists to believe that the defendant violated these statutes.

2.    The evidence in this case is strong.

3..    The nature of the defendant's crimes establishes that no condition of release, or combination of conditions, will reasonably assure the safety of the community or reasonably assure the appearance of the defendant as required.  18 U.S.C. § 3142(e).

5.    The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community, and increases the high risk that the defendant will not appear as required by the Court.

6.    As there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c)(1)(A)(ii), the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required.  The defendant has failed to rebut these presumptions.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a

United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:


_____
HON. WENDY BEETLESTONE
United States District Court Judge