**RICHARD J. GIULIANI, ESQUIRE**
**Identification No. 76358**                    **Attorney for Defendant**
The Bell Atlantic Tower
1717 Arch Street - Suite 320
Philadelphia, PA 19103
(215) 569-9002
RICHGIULIANI@COMCAST.NET

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES                    :

      v.                    :    No. 2:25-CR-00227-WB-5

JOSE RODRIGUEZ-PERALTA          :

### DEFENDANT'S MOTION TO DISMISS INDICTMENT

TO THE HONORABLE WENDY BEETLESTONE:

COMES NOW, Defendant, Jose Rodriguez-Peralta, by and through his attorney, Richard J. Giuliani, and hereby moves this Honorable Court to dismiss the indictment against him, and in support thereof avers as follows:

1.      Defendant, Jose Rodriguez-Peralta, was arrested on August 1, 2024, and charged by the Philadelphia District Attorney's Office with numerous offenses regarding a robbery and kidnaping which occurred on June 3, 2024.  After the Defendant was arraigned, bail was set which the Defendant posted.

2.      In May of 2025, the United States Attorney's Office for the Eastern District of Pennsylvania adopted this prosecution and indicted the Defendant along with four other co-defendants: Jose Polanco-Lopez, Christopher Fernandez, Edwin Aponte and Miguel Gonzalez.

3.      On May 29, 2025, the Defendant was arrested and had his initial appearance

before the Honorable Sandra Moore Wells. At this hearing, the Government indicated to the Court it was seeking pre-trial detention for the Defendant, and it requested a three day continuance which was granted by the Court. A detention hearing was then scheduled for June 3, 2025.

4. On June 3rd the Defendant appeared before the Honorable Elizabeth T. Hey for a detention hearing. After hearing argument from the Government and the Defendant the Court denied the Government's motion and released the Defendant with restrictions.

5. The Government then appealed Magistrate Judge Hey's Order for Bail. This Honorable Court presided over a *de novo* detention hearing on Wednesday, June 11th, after which the Court ordered the Defendant released with conditions, which included the posting of real estate as collateral, in home detention with electronic monitoring, and the restriction of his travel to the Eastern District of Pennsylvania. A true and correct copy of this Honorable Court's Order of June 11, 2025, is attached hereto as Exhibit "A."

6. The following day the Defendant's family posted the requested collateral with the Clerk, however, prior to the Defendant being released, he was taken into custody by members of Immigration and Customs Enforcement ("ICE").

7. The Defendant then remained in ICE custody with the Government initiating removal proceedings against him.

8. On September 15, 2025, the Defendant was removed from the United States. Both undersigned counsel and counsel for United States Attorney's Office were notified of his removal by email. A copy of that email is attached hereto as Exhibit "B."

9. Due to the Government's detention and subsequent removal of the Defendant from the United States, the Defendant is no longer able to properly defend himself nor will he be

able to appear for all proceedings.

10.     The Defendant therefore moves this Honorable Court for dismissal of the indictment against him on the following grounds:

a.     The Government has abandoned the Defendant's prosecution by simultaneously violating this Honorable Court's Order of Release and removing him from the United States;

b.     The Government has violated the Defendant's Fifth Amendment right to due process by precluding him from being present to defend himself against the charges brought in the indictment;

c.     The Government has violated the Defendant's Sixth Amendment right to counsel through his removal from the United States and precluding him from any effective assistance of counsel.

WHEREFORE, Defendant Jose Rodriguez-Peralta respectfully requests this Honorable Court dismiss the indictment issued against him.

Respectfully submitted,

__9-17-25__                                           _s/ RICHARD J. GIULIANI_____
DATE                                                   RICHARD J. GIULIANI, ESQUIRE

**RICHARD J. GIULIANI, ESQUIRE**
**Identification No. 76358**                              **Attorney for Defendant**
The Bell Atlantic Tower
1717 Arch Street - Suite 320
Philadelphia, PA 19103
(215) 569-9002
RICHGIULIANI@COMCAST.NET

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES                         :

     v.                              :          No. 2:25-CR-00227-WB-5

JOSE RODRIGUEZ-PERALTA            :

## ARGUMENT

The Defendant has been indicted and charged with multiple offenses in the above captioned case. This Honorable Court ordered his release, finding that he rebutted the presumption for detention under the Bail Reform Act. *See* Exhibit "A". However, prior to being released the Defendant was taken into ICE custody. He was initially taken to the Moshannon Valley Processing Center during the pendency of his removal proceedings, and was subsequently taken to a different ICE facility in Louisiana before being removed from the country. The Defendant now moves for dismissal of the indictment against him on multiple grounds, all directly related to the Government's actions in removing him.

The Bureau of Immigration and Customs Enforcement ("ICE") is a federal agency operating under the United States Department of Homeland Security. The Department of Justice is a federal executive department of the United States Government entrusted with the enforcement of federal law. Both the Department of Homeland Security and the Department of

Justice operate under the Executive Branch of the United States.

It is well settled law that a defendant shall be present for all proceedings against him in a criminal prosecution. *See* Illinois v. Allen, 90 S.Ct. 1057, 25 L.Ed.2d 353, 51 O.O.2d 163 (1970). The Federal Rules of Criminal Procedure have also codified this right:

(a)    When required. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:

 (1)    the initial appearance, the initial arraignment, and the plea;

 (2)    every trial stage, including jury impanelment and the return of the verdict; and

 (3)    sentencing.

Fed.R.Crim.P. 43(a). While the Defendant in this case is being prosecuted by the Department of Justice, another government agency, ICE, also operating under the Executive Branch of the Government, initiated removal proceedings during the pendency of these proceedings. [1] The Defendant has now been removed from the United States and is now outside of this Honorable Court's jurisdiction. He is unable to assist in his defense, cannot contact his attorney, and will be unable to appear for any future proceedings in this action. His inability to participate in these proceedings are solely the result of Government action, and as a result he therefore moves to dismiss the indictment against him pursuant to Federal Rule of Criminal Procedure 12 which provides that:

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed.R.Crim.P. 12(a) "Pure questions of law are properly considered on a pretrial motion to dismiss." United States v. Gomez-Ramirez, 365

---

[1] This Honorable Court not only issued an Order regarding the Defendant's release conditions on June 11, 2025 (*See* Exhibit "A"), but it subsequently granted the Government's Motion for Complex Case Declaration and scheduled a joint trial date for all the defendants in this case for May 11, 2026. *See* ECF 72, 73 & 74.

F.Supp.3d 226, 230 (D. Mass. 2019) *citing* United States v. Pope, 616 F.3d 1255, 1260 (10th Cir. 2010).

Both the Magistrate Court, and this Honorable Court, found that the Defendant was not such a risk of flight nor a danger to the community to require him to be detained pre-trial under the factors set forth in the Bail Reform Act, 18 U.S.C. §3141, et. seq. Yet despite these findings, the Bail Reform Act permits the continued detention of a defendant under the Immigration and Nationality Act, 8 U.S.C. §1101, et. seq., if that defendant "is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)." 18 U.S.C. §3142(d)(1)(B). Therefore, the Defendant's continued detention by ICE, even after this Honorable Court ordered his release under the Bail Reform Act, is not unlawful. "A number of courts have concluded that while the BRA 'aims to ensure a defendant's presence at trial, the INA uses detention to ensure an alien's presence at removal proceedings.'" United States v. Castillo, 537 F.Supp.3d 120, 126-27 (D. Mass. 2021) *quoting* United States v. Soriano-Nunez, 928 F.3d 240, 245 (3rd Cir. 2019)(*citations omitted*). "Indeed, as the Soriano-Nunez court noted, no court of appeals has determined that 'pretrial release precludes pre-removal detention.'" Castillo at 127 *citing* Soriano-Nunez, *supra*. However, in this case ICE not only detained the Defendant, it initiated and concluded removal proceedings while this Defendant was awaiting trial.

In Castillo, *supra*, the same scenario occurred to that defendant. Defendant Castillo was indicted by the Government in drug conspiracy case. Id. at 123. The Magistrate Court, although aware that the defendant was present in the country illegally, ordered his release. Id. The defendant was never released due to an ICE detainer. Id. He was then removed from the United States prior to trial and his lawyer then filed a motion to dismiss. Id. The District Court in

Castillo ultimately granted the motion to dismiss on multiple grounds.

The Castillo Court acknowledged that ICE had the legal authority to detain the defendant, even if the defendant's release had been ordered under the Bail Reform Act, but it contrasted that authority with ICE's subsequent removal of the defendant prior to trial, writing:

> Here, in contrast, the court need not determine whether the government's detention of Defendant for the purpose of completing the steps necessary to remove him was proper. The court finds that ICE's removal of the Defendant directly interfered with the Magistrate Judge's order designed to ensure his presence at his criminal proceedings and with this court's jurisdiction over the criminal case.

Id. at 127. It further held that the defendant's removal from the country, prior to trial, affected his rights under the Sixth Amendment.

> The court finds that Defendant's absence from the District of Massachusetts, where he faces charges and where he allegedly committed the charged offense, interferes with his ability to consult with counsel and prepare a defense, in violation of the Sixth Amendment, and that Defendant's inability to do so is solely attributable to the government. *See* United States v. Ferreira-Chavez, No. 1:20-cr-00145-BLW, 2021 WL 602822, at *3 (D. Idaho Feb. 12, 2021) ("[t]he decision to deport [Defendant], while criminal charges were pending, was the Government's alone"). The government violated (and is violating) Defendant's Sixth Amendment rights. *See* e.g. United States v. Lutz, No. CR-19-00692-TUC-RM (BGM), 2019 WL 5892827, *5 (D. Ariz. Nov. 12, 2019)("Most concerning, ICE's removal of Defendant from this country is interfering with Defendant's Sixth Amendment right to 'consult with counsel, to review the evidence against him[,] and to prepare a defense to the charge.'") *quoting* United States v. Resendiz-Guevara, 145 F.Supp.3d 1128, 1138 (M.D. Fla. 2015)). Moreover, to the extent that the government seeks to proceed with this prosecution in Defendant's absence, his absence "necessarily prevents a fair trial" in violation of the Fifth Amendment. Valenzuela-Bernal, 458 U.S. at 872, 102 S.Ct. 3440.

Id. at 128. The Castillo court also found that the defendant's removal was an effectively an abandonment of the defendant's prosecution by the Government. It cited to the case of United States v. Munoz-Garcia, 455 F.Supp.3d 915, (D. Ariz, 2020). "The government chose to proceed with the defendant's removal proceedings and deport her from the United States. The result of

that choice is that the government abandoned the criminal prosecution." <u>Castillo</u>, at 129 *quoting*

<u>Munoz-Garcia</u>, *supra* at 925.  It also held:

> If a voluntary departure is deemed prejudicial to the United States when an
> individual who is a party to a criminal case leaves without the permission of the
> prosecuting authority, the court sees no reason why it is not equally prejudicial to
> the United States if the individual is removed during a criminal proceeding
> without the prosecuting authority's consent.  Here, the government has reported
> no objection to ICE's removal of the Defendant, and accordingly, the court treats
> the removal as one with at least the prosecuting authority's tacit consent,
> providing yet another ground to hold that the government abandoned the
> prosecution when it removed the Defendant.

<u>Castillo</u> at 129.  The Court ultimately granted the defendant's motion to dismiss, and issued some

particularly strong language in its opinion:

> The court finds that ICE's removal of the Defendant to the Dominican Republic
> was in disregard of the Magistrate Judge's order that Defendant not leave the
> District of Massachusetts, and ignored this court's jurisdiction over the Defendant
> and this criminal prosecution.  The court finds further that ICE's actions violated
> Defendant's constitutional rights and that those rights cannot be remedied, where
> Defendant has been removed from the country (and barred from reentry) and is no
> longer able to prepare a defense or secure a speedy trial . . . The court . . . finds
> ICE's removal of the Defendant in blatant disregard of this court's authority and
> of Defendant's constitutional rights to require reprimand and deterrence.

<u>Id.</u> at 130.

The defendant in <u>Castillo</u> is not the only defendant to be removed while pending trial in

the United States District Court.  Just last year a defendant awaiting trial in the Eastern District of

Michigan was removed pre-trial to Mexico.  *See* <u>United States v. Galvan-Orea</u>, 766 F.Supp.3d

740 (E.D. Mich.)  Like the defendant in <u>Castillo</u>, the defendant in <u>Galvan-Orea</u> moved for

dismissal after his removal.  The District Court reached the same conclusion: the government's

removal of the defendant pre-trial violated his rights under the Fifth and Sixth Amendments to

the Constitution and that the removal constituted an abandonment of the criminal case by the

government.

As a result of the restrictions placed on Mr. Galvan-Orea's ability to consult with his attorney . . . the Court finds that the Government has impeded Mr. Galvan-Orea's Fifth Amendment right to due process and Sixth Amendment right to counsel.

. . .

By deporting Mr. Galvan-Orea, the Government has made it impossible for this case to conclude. Mr. Galvan-Orea's deportation leaves this case in limbo, indefinitely, which the Court views as an abandonment of the prosecution against Mr. Galvan-Orea. This finding weighs in favor of dismissing the indictment.

Galvan-Orea at 746-47.

While the cited District Court decisions in Castillo and Galvan-Orea are persuasive but not binding on this Honorable Court, the analyses and conclusions reached lead exactly to the same result, dismissal of the indictment. This Defendant's removal from the United States, pre-trial, can only lead to the same logical result. The Defendant respectfully requests this Honorable Court dismiss the indictment against him.

# CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below:

Service by electronic filing
addressed as follows:

Nicholas E. Freeman, Esquire
Assistant United States Attorney
615 Chestnut Street - Suite 1250
Philadelphia, PA 19106

*S/ RICHARD J. GIULIANI*
Richard J. Giuliani, Esquire
Attorney for Defendant

Dated:   9-17-25

# EXHIBIT "A"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | |
| v. | : | |
| | : | NO.    25-227-5 |
| JOSE RODRIGUEZ-PERALTA | | |

### CONDITIONS OF RELEASE ORDER

**BAIL**

Defendant is **released on bail** in the amount of $ 50,000

\_\_\_\_\_ **O/R**

\_\_\_\_\_ **cash**

\_\_x\_\_ **secured by**:

    X- combination of cash

    \_\_x\_\_ property at: 4849 B street Phila PA

    \_\_x\_\_ **Clerk's office requirements are not waived.** Execute an Agreement to Forfeit the Property stated above with a copy of the deed as indicia of ownership.

**PRETRIAL SERVICES**

\_\_X\_\_ Defendant shall report to Pretrial Services:

    \_\_X\_\_ **as directed** by Pretrial Services.

    \_\_\_\_\_ times per week **in person.**

    \_\_\_\_\_ times per week **via telephone.**

\_\_\_\_\_ Defendant shall attend mental health services under the guidance and supervision of Pretrial Services.

\_\_\_\_\_ Defendant shall submit to **random drug testing** as directed by Pretrial Services.

\_\_\_\_\_ Defendant shall refrain from excessive use of alcohol or from any use of a narcotic drug or other controlled substance, as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. § 802, without a prescription by a licensed medical practitioner.

\_\_\_\_\_ Defendant shall undergo **drug/alcohol treatment,** if necessary, as determined by Pretrial Services.

\_\_X\_\_ Defendant shall submit to **location monitoring** at the following address:

    5114 Casto Ave Phila PA 19124   *Castor Ave*

\_\_\_\_\_ This Court, based upon evidence that Defendant has adequate financial resources, finds that he/she shall pay all or part of the cost of the court-ordered monitoring program, in an amount to be specified by Pretrial Services.

\_\_\_\_\_ **Curfew.** You are restricted to your residence every day ☐ from \_\_\_\_ to \_\_\_\_, during which location monitoring will be in place, or ☐ as directed by Pretrial Services office or supervising officer.

___X___ **Home Detention.** You are restricted to your residence at all times except for employment; ~~education~~; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.

_____ **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

_____ **Stand-Alone.** You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restrictions as imposed by the court. Note: Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual application technology.

**Submit to the following location monitoring technology (check one):**

__X___ Location monitoring technology as directed by Pretrial Services or supervision officer; or
_____ GPS; or
_____ Radio Frequency; or
_____ Virtual Mobile Application. You must allow the pretrial services officer to conduct initial and periodic inspections of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., locational services) are unaltered, and 3) no efforts have been made to alter the mobile application.

## PASSPORT

__X___ Defendant must surrender his/her passport to the Clerk of Court.
_____ Defendant must refrain from applying for a passport.

## TRAVEL

__X___ Travel is restricted to the **Eastern District of Pennsylvania.**
_____ Travel is restricted to the _____.
__X___ Unless prior permission to travel is granted by Pretrial Services.

## FIREARMS

__X___ Defendant shall surrender and/or refrain from obtaining any firearms. Any other firearms in any premises where the defendant resides while on supervised release must be removed from the premises and no firearms are to be brought into the premises during this period. The defendant shall execute a completed Prohibition on Possession of Firearms Agreement. Further, the defendant shall not possess a dangerous weapon or destructive device.

## MISCELLANEOUS

<u>  X  </u>    Defendant shall have no contact with **co-defendants, potential witnesses** in this case, or individuals engaged in any **criminal activity.**

_____ Defendant must maintain present **employment.**

_____ Defendant must **actively seek** gainful employment.

_____ Defendant shall undergo a **mental competency evaluation.**

_____ Defendant shall report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement, including arrests, questioning, or traffic stops.

_____ Defendant must reside:

**at:** _____

**with:** _____

## COMPUTERS/INTERNET

_____ The Defendant is subject to the following computer/internet restrictions which are to be monitored by U.S. Pretrial Services and may include manual inspection, use of minimally invasive internet detection devices, and/or installation of computer monitoring software to ensure compliance with the imposed restrictions.

_____ **No computer:** The Defendant is prohibited from possession and/or use of any computers and connected devices.

_____ **Computer, no internet access:** The Defendant is permitted use of computers or connected devices but is not permitted access to the Internet (as World Wide Web, FTP sites, IRC servers, instant messaging).

_____ **Computer with internet access:** The Defendant is permitted use of computers or connected devices, is permitted access to the internet for legitimate purposes, and is responsible for any fees connected with the installation and use of monitoring software.

_____ **Other Residents:** By consent of other residents, all computers located at the address of record shall be subject to inspection to ensure the equipment is password protected.

_____ **Other Restrictions:** _____

**OTHER CONDITIONS:**

As a further condition of release, defendant shall not commit a Federal, State, or local crime during the period of release. The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than 10 years, if the offense is a felony; or a term of imprisonment of not more than one (1) year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Any violation of the conditions of release may result in revocation of bail and imprisonment pending trial.

_____                    _____
AUSA                                                                    DEFENSE ATTORNEY

It is so ORDERED this 11th day of June , 2025.

BY THE COURT:

_____
WENDY BEETLESTONE                                          J.

Last Revised: 11/24

Cc:    Counsel
         U.S. Marshal
         Pretrial Services
           —Officer Jeffrey Reber
           —Officer Jimmy Graders
         Fiscal Dept.

# EXHIBIT "B"

**Jeffrey Reber <jeffrey_reber@paept.uscourts.gov>**            9/15/2025 9:59 AM

# Jose Rodriguez Peralta 25-227-05

To richgiuliani@comcast.net <richgiuliani@comcast.net> ·
nicholas.freeman@usdoj.gov <nicholas.freeman@usdoj.gov>    Copy
Cathy Tovornik <cathy_tovornik@paept.uscourts.gov>

---

Good morning, Counsel:

Please see below the DHS Vinelink notification I received this morning regarding Jose Rodriguez Peralta. According to the notification, the defendant was removed from the United States.

My office had registered for notification as the defendant was released on bond but detained to ICE custody. This service alerts change of status so in case he was released from ICE custody, we could know to start our supervision.

I wanted to make you were both aware.

Jeffrey L. Reber
U.S. Pretrial Services Officer
Eastern District of Pennsylvania
Philadelphia, PA
Office: 610.320.5262
Cell: 215.495.3299


-----Original Message-----
From: DHS VINE <vine@globalnotifications.com>
Sent: Monday, September 15, 2025 8:04 AM
To: Jeffrey Reber <Jeffrey_Reber@paept.uscourts.gov>
Subject: DHS VINELink Notification

CAUTION - EXTERNAL:


09/15/2025

This email is to inform you that JOSE RODRIGUEZ PERALTA has been removed from the United States by the federal government. The offender was removed on 09/15/2025. For more information, please call 1-844-442-2553.

This notification is sponsored by the DHS-VINE Service. It is our hope that this information has been helpful to you.

Thank you,
The DHS-VINE Service

This email is sent from an unmonitored address. Please do not reply.
CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.